UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEBRA G. ROWE, | : | |
| | : | |
| Plaintiff, | : | Case: 1:11-cv-01914 (RMC) |
| | : | |
| v. | : | |
| | : | |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Defendant District of Columbia through counsel responds to Plaintiff's Motion for Appointment of Counsel and respectfully requests this Court deny the motion. Plaintiff has shown no "exceptional circumstances" which would allow this Court, in its discretion, to appoint counsel to represent her in this matter. In addition, plaintiff is not proceeding *in forma pauperis* and is therefore not qualified for appointed counsel.

This opposition is supported by the following Memorandum of Points and Authorities.

Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ WILLIAM B. JAFFE
WILLIAM B. JAFFE
Chief, General Litigation Section III

1

/s/STEVEN J. ANDERSON
STEVEN J. ANDERSON (Bar No. 334480)
Assistant Attorney General
Suite 600S  441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607 (phone)
(202) 727-3625 (fax)
E-mail: steve.anderson@dc.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion together with supporting documents, was mailed, postage prepaid, this   10th   day of February, 2012, to *pro se* plaintiff Debra G. Rowe, 5907 Federal Court, Upper Marlboro, MD 20772.

 /s/STEVEN J. ANDERSON
Steven J. Anderson, A.A.G.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEBRA G. ROWE, | : | |
| | : | |
| Plaintiff, | : | Case: 1:11-cv-01914 (RMC) |
| | : | |
| v. | : | |
| | : | |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### **THE DISTRICT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTED COUNSEL**

The Plaintiff's motion for of appointment counsel should be denied for the following reasons. There is no constitutional right to appointment of counsel at government expense in a civil rights action. *Willis v. FBI*, 274 F.3d 531, 532 (D.C. Cir. 2001); *see also Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986) (acknowledging that "there is no constitutional right to appointment of counsel in a civil case"); *Storseth v. Spellman,* 654 F 2d. 1349, 1353 (9th Cir. 1981) *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

Yet, the District Court has discretion in determining whether counsel should be appointed to an unrepresented party.[1] In evaluating whether the appointment of counsel is appropriate, the Court should consider the four factors enumerated in Local Civil Rule 83.11(b)(3), including: (1) the nature and complexity of the action; (2) the potential merit of the pro se party's claims; (3) the demonstrated inability of the pro se party to retain counsel by other

---

[1] *Willis*, 274 F.3d at 532; *see also* 28 U.S.C. § 1915(e)(1) (2000) ("the court may request an attorney to represent any person unable to afford counsel") (emphasis added).

means; and (4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.[2]  Appointment of counsel calls for exceptional circumstances and "is wholly unwarranted when [the movant] has not demonstrated any likelihood of success on the merits."[3]

In this case, none of the Rule 83.11(b)(3) factors weigh in Plaintiff's favor. Specifically, Plaintiff has failed to demonstrate that her claim has any merit as demonstrated in the District's Motion to Dismiss.  Stated simply, plaintiff's common law claims against the District are barred by her failure to give notice as required by D.C. Code 12-309, and plaintiff fails to identify any constitutional right that was violated.  Moreover, plaintiff's claims were not timely brought and are barred by the statute of limitations, and by her failure to exhaust her administrative remedies. In addition, the Plaintiff has not provided the Court with any evidence that her claim is likely to succeed on the merits, nor has she cited the existence of any exceptional circumstances that would make appointment of counsel appropriate. Further, the plaintiff has failed to provide evidence to the Court that he has tried to obtain counsel through other means.[4]

Although Plaintiff may experience certain difficulties in proceeding *pro se*, she has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved is sufficient to require designation of counsel.[5]  Finally, plaintiff has not satisfied the requirements of Local Rule 83.11 (stating that [w]hen leave has been granted … for a *pro se*

---

[2] *Gaviria v. Reynolds*, 476 F.3d 940, 943 (D.C. Cir. 2007) (*citing Willis* and stating that Local Civil Rule 83.11(b)(3) provides the framework for evaluating whether counsel should be appointed); see also *Welch v. Kelly*, 882 F. Supp. 177, 178 (D.D.C. 1995) (finding that in evaluating the merits of the plaintiff's claims, the complexity of the issues involved, and the interests of justice did not warrant appointment of counsel).

[3] *Nichols v. Mosbacher*, 959 F.2d 1101 (D.C. Cir. 1992) (*citing* D.C. Circuit Handbook of Practice and Internal Procedures 25-26 (2002)).

[4] *See Gaviria*, 476 F.3d at 943 (holding that, in determining whether to appoint counsel, the court should consider "the demonstrated inability of the pro se party to retain counsel by other means").  In her motion, plaintiff claims she is presently trying to obtain counsel, therefore, it appears plaintiff's motion is premature.

[5] *Wilborn*, 789 F.2d at 1331; *Wegganat v. Look*, 718 F 2d. 952, 954 (9th Cir. 1983); *see also*, *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).

litigant to proceed *in forma pauperis,* the judge to whom the case is assigned may, on application by the *pro se* party or otherwise, appoint an attorney) which is required in order for the court to appoint counsel.  Accordingly, Plaintiff's Motion for Appointment of Counsel should be denied.

        Respectfully submitted,

        IRVIN B. NATHAN
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ WILLIAM B. JAFFE
        WILLIAM B. JAFFE
        Chief, General Litigation Section III

        /s/STEVEN J. ANDERSON
        STEVEN J. ANDERSON (Bar No. 334480)
        Assistant Attorney General
        Suite 600S  441 Fourth Street, N.W.
        Washington, D.C. 20001
        (202) 724-6607 (phone)
        (202) 727-3625 (fax)
        E-mail: steve.anderson@dc.gov

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBRA G. ROWE, : | |
| : | |
| Plaintiff, : | Case: 1:11-cv-01914 (RMC) |
| : | |
| v. : | |
| : | |
| DISTRICT OF COLUMBIA, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

ORDER

Upon consideration of plaintiff's motion for appointment of counsel, the Opposition filed by the District of Columbia, and for the reasons in the District's Opposition, it is this ___ day of _____ 2012,

ORDERED, the plaintiff's motion for appointed counsel is DENIED.

Rosemary M Collyer, Judge
U.S. District Court for the District of Columbia

Copies to:
Steven Anderson

Debra G. Rowe
5907 Federal Court
Upper Marlboro, MD 20772

6