**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEBRA ROWE, | : |
| Plaintiff, | : |
| v. | : Case: 1:11-cv-01914 |
| | : Judge Rosemary M. Collyer |
| DISTRICT OF COLUMBIA, *et al.* | : |
| Defendants. | : |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TOTHE DISTRICT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

Plaintiff's employment as HIV/AIDS Administration Housing Chief was terminated on April 8, 2008. Complaint, para. 41. In her Complaint, Plaintiff describes the circumstances that lead to her termination, and alleges that reports in the Washington Post, the Washington Times and on the Internet contain inaccurate facts about her handling of her duties as HIV/AIDS Administration Housing Chief. *E.g.*, Complaint, para. 47. Nowhere in her Complaint though does Plaintiff clearly identify any defamatory statements by a District of Columbia employee. Finally, Plaintiff seeks 2 million dollars in compensation from the District for violation of unspecified rights under federal law (42 U.S.C. § 1983), defamation, and intentional infliction of emotional distress.

Currently before the Court is the motion of the Defendant District of Columbia (District) to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P 12(b)(6) and 12(b)(1) because: 1) Plaintiff failed to comply with the notice requirements of D.C. Code § 12-309: 2) Plaintiff has

failed to exhaust her administrative remedies: 3) plaintiff fails to state a constitutional claim: 4) Plaintiff's claims are barred by the applicable statute of limitations; and 5) Plaintiff has not pled a *prima facie* case of defamation.

Plaintiff has opposed the District's motion and filed a motion to amend her complaint and a proposed amended complaint. As discussed below, plaintiff's Opposition fails to rebut the District's showing that her Complaint should be dismissed. In addition, plaintiff's Motion for Leave to File an Amended Complaint should be denied because the Plaintiff's proposed Aamended Complaint is fatally flawed for the same reasons as is her original Complaint. Any amendment would thus be futile.

## ARGUMENT

A. **Plaintiff's Opposition fails to rebut the District's showing that plaintiff's common law claims are barred by D.C. Code §12-309.**

In its motion to dismiss, the District demonstrated that plaintiff's common law claims are barred by her failure to provide notice as required by D.C. Code § 12-309. Plaintiff's Complaint includes two common law counts against the District: Count II wherein plaintiff alleges "defamation," and Count III, wherein she alleges "intentional infliction of emotional distress."

In pertinent part, §12-309 states:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the ...[Mayor] of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

In her Opposition, plaintiff does not contend that she satisfied § 12-309 before she filed her original Complaint. Instead, plaintiff attached a copy of a letter she claims to have sent to the

Mayor of the District in response to the District's motion to dismiss. Docket entry 20 at 31. In the letter, dated April 6, 2012, plaintiff purports to satisfy the notice requirements of D.C. Code § 12-309. Plaintiff's letter reads in its entirety as follows:

> On or about November 18, 2011, David Catania and Gunther Freehill knowingly and willfully slandered and initiated various defamatory tactics against me that have led me to file an official complaint against them and two (2) newspaper reporters (Freeman Klopott and Jeffrey Anderson) in the U.S. District Court. I was just notified by the District's Motion to Dismiss my initial complaint that I was not in compliance with section 12-309 of the D.C. Code.
>
> As the defendants retaliated after my complaint was filed on November 1, 2011, I am submitting this notice now as I have had to amend my complaint to sue David Catania personally [.] The District employee initiated these acts in his official capacity as the Bureau Chief of HIV Support Services for the HIV Administration under the Department of Health.

Docket no. 20 at 31.

Assuming the letter was served on the Mayor on April 6, 2012, any alleged common law claims against the District that pre-date November 6, 2011, are barred by the six-month limitation period in Section 12-309. This point is impliedly conceded by Plaintiff's Opposition. Therefore, to the extent Plaintiff's Complaint makes common law claims that predate November 6, 2012, the District's motion to dismiss those claims should be granted as unopposed.

Turning to the period from November 6, 2011 to April 6, 2012, in its motion, the District argued that Plaintiff did not allege a violation of her rights by a District employee any later than August 2008. Motion to Dismiss at 7. In her Opposition, Plaintiff argues that "several slanderous and defamatory articles were published during the year 2011." Opp. at 8. However, Plaintiff's Opposition does not further identify any "defamatory" articles in her Complaint during the period November 6, 2012 to April 6, 2012.

Plaintiff's Opposition does point to Exhibit 1, attached to her Opposition "to support plaintiff's theory." Opp. at 8. The exhibits to Plaintiff's Opposition are not marked; however, it

3

appears that Plaintiff is referring to a collection of e-mails, because these are the first documents after the Opposition. Docket entry 20, at 13-15. Thus it seems reasonable to conclude these are exhibit 1. These are three pages of e-mails, none of which reveals any specifics about defamation or slander of Plaintiff within the last six months. Perhaps, *pro se* plaintiff misunderstands the legal requirements for defamation.

Regardless, Plaintiff's allegations in Count II, defamation, and Count III, intentional infliction of emotional distress, also fails to reveal any injury within the last six months. In her proposed amended complaint, Plaintiff alleges that a couple of newspaper articles were published in 2011. However, she does not allege any defamatory statement by an employee of the District. Thus, although Plaintiff's proposed amended complaint fails to identify a defamatory statement within six months before April 6, 2012, these statements are attributed to non-District defendants in any event.

In addition, Plaintiff's letter purporting to give notice to the Mayor is fatally flawed because it does not provide adequate information to allow the District to conduct a focused investigation. Section 12-309's notice requirement is designed to ensure "that District officials would be given prompt notice of claims for potentially large sums of money so that they could: quickly investigate before evidence became lost or witnesses unavailable; correct hazardous conditions; and settle meritorious claims*." Campbell v. District of Columbia*, 568 A.2d 1076, 1078 (D.C. 1990); *Gwinn v. District of Columbia*, 434 A.2d 1376, 1378 (D.C. 1981).

The April 6, 2012, Plaintiff relies upon is inadequate under § 12-309. Section 12-309 requires four different elements for adequate notice to the District: (1) "the approximate time," (2) the "place," (3) the "cause," and (4) the "circumstances of the injury or damage." If any element is missing the notice is inadequate. *Washington v. District of Columbia*, 429 A.2d. 1362

(D.C. 1981) (*en banc*).  Plaintiff's April 6, 2012, letter to the Mayor fails to identify what was said that was defamatory or slanderous, who said it or when it was said.  There is simply not enough detail in the letter to allow the District to adequately investigate plaintiff's claims.  Accordingly, plaintiff's common law counts are barred by 12-309 and should be dismissed.

Plaintiff's motion to amend should be denied because, even if her motion were granted, Plaintiff's proposed Amended Complaint would still be fatally flawed.  Any amendment would futile.  In addition, the District's motion to dismiss Plaintiff's common law claims should be granted because Plaintiff has failed to establish that she has satisfied D.C. Code § 12-309.

    B. **Plaintiff's Opposition fails to rebut the District's showing that her common law claims are barred by the statute of limitations.**

In its motion to dismiss Plaintiff's Complaint, the District argued that Plaintiff's defamation count is barred by the one-year limitation period prescribed in D.C. Code 12-301(4), and that the correct limitation period for plaintiff's Count II, intentional infliction of emotional distress, is also one year because this claim is "intertwined" with the tort of defamation.  Plaintiff's Opposition repeats this argument, but fails to rebut it. Opp. at 8.  Accordingly, the one-year limitations period should be applied to Counts I and II of Plaintiff's Complaint by this Court.

In her Opposition to the District's motion, plaintiff claims that "[t]he plaintiff is within the one-year limitations period for defamation actions as several slanderous and defamatory articles were published in 2011." *Id*.  It appears that plaintiff is discussing her claims against co-defendants who are journalist who allegedly published defamatory articles in the Washington Post and the Washington Times in 2011. Proposed Amended Complaint, paras. 50, 51, and 52.

In its Motion to Dismiss the District argued that there is no allegation of any defamatory statement by a District employee after August 2008.  Plaintiff's Opposition fails to rebut this

5

argument. Moreover, plaintiff's Opposition fails to identify any allegation in her original Complaint where defamation is alleged by a District employee within one year of the filing of the Complaint by Plaintiff. Accordingly, Plaintiff's common law claims against the District should be dismissed as they are barred by the one-year limitation period in D.C. Code § 12-301(4).

    C. **Plaintiff's Opposition fails to rebut the District's showing that her claims are barred by her failure to exhaust her administrative remedies under the CMPA.**

In its motion to dismiss, the District argued that Plaintiff's sole remedy for employment related disputes is under the District's Comprehensive Merit System Protection Act, D.C. Code §§ 1-601.01, *et seq.* (CMPA). According to *District of Columbia v. Thompson*, 593 A.2d 621 (D.C. App. 1991)(*Thompson II*), the CMPA "provide(s) District employees with their exclusive remedies for claims arising out of employer conduct in handling personnel ratings, employee grievances, and adverse actions." *Thompson II, 593 A.2d* at 635 (emphasis added). In *Thompson II* the D.C. Court of Appeals held that Ms. Thompson's "tort claims of defamation and intentional infliction of emotional distress ... arose out of disputes with her supervisor ... that clearly fall within the scope of the CMPA...." *Id*. *Thompson II* applies with full force to Plaintiff's claims here.

In her Opposition, Plaintiff does not argue otherwise. Rather, Plaintiff merely states that the District's exhaustion argument is "insulting" and she repeats the allegations in her Complaint, none of which have anything to do with responding the holding in *Thompson II*. Accordingly, Plaintiff has failed to rebut the District's showing that the sole remedy for the matters raised in Plaintiff's Complaint is under the CMPA.

.    In its motion, the District demonstrated that Plaintiff's common law and constitutional claims are barred by the CMPA. Plaintiff's Opposition does not discuss the cases cited by the

6

District holding that exhaustion is required for constitutional claims: *Johnson v. District of Columbia*, 368 F. Supp. 2d 30, 44 (D.D.C. 2005) (*Johnson I*), aff'd by *Johnson II*, 552 F.3d 806 (quoting *Nat. Treasury Employees Union v. King*, 961 F.2d 240, 243 (D.C. Cir. 1992)) (alterations and quotation marks omitted); *see also Marine Mammal Conservancy, Inc. v. Dep't of Agric.*, 134 F.3d 409, 413-14 (D.C. Cir. 1998) (plaintiff would be "very much mistaken in believing that there is some bright-line rule allowing litigants to bypass administrative [processes] simply because one or all of their claims are constitutional in nature").

Accordingly, the District's Motion to Dismiss plaintiff's entire Complaint based on the CMPA must be granted, as Plaintiff has failed to rebut the District's arguments.

### D. **Plaintiff's Opposition fails to rebut the District's showing that her Complaint fails to state a Constitutional or Federal Claim.**

According to paragraph 41 of her Complaint, plaintiff was terminated from her employment with the District on April 6, 2008. More than three years passed between that date and the date she filed her Complaint on November 1, 2011. Docket entry 1. Accordingly, to the extent that Plaintiff contends that her termination is the basis for a constitutional claim, Plaintiff's claim is barred by the three year limitations period in D.C. Code § 12-301(8).

In its motion the District also argued that the last alleged conduct by a District employee was in August 2008. This also is outside the three-year limitations period for claims under 42 U.S.C. § 1983. Accordingly, Plaintiff has failed to rebut the District's arguments that her claims under Section 1983 are barred as they were filed beyond the three-year limitations period.

Plaintiff's complaint fails to identify a federal law that might be applicable to the District under Section 1983. In addition, Plaintiff's Opposition fails to rebut the District's showing that her Complaint fails to state a claim under the Constitution. In Count I of her Complaint, Plaintiff alleges that the District violated 42 U.S.C. § 1983, when it:

7

> "denied Plaintiff an African American female with a 23 year old criminal history, the forum that was available (a city council hearing or straight forward interview) necessary to address any signs of impropriety that have been repeatedly alleged from November 2005 to the present… Defendants insistence (*sic*.) of false public statements regarding the Plaintiff support an inference of unlawful discrimination based on race and background. Defendants acted in a discriminatory manner that a reasonable person would find unreasonable."

Complaint, para. 62.

Even assuming that plaintiff alleged defamation by a District employee that occurred within three-years of when she filed her complaint, which she does not, her Complaint would still be fatally flawed because it is well-established that defamation is not a constitutional tort under the Fifth Amendment's due process clause. *Paul v. Davis*, 424 U.S. 693, 706 (1976). Plaintiff's Opposition does not rebut this argument set forth in the District's motion.

Moreover, Plaintiff's Complaint does not identify a constitutional or federal law basis for her Section 1983 claim. Therefore, the Defendant and the Court are left to speculate as to the basis for Plaintiff's claim.

Count I of Plaintiff's Complaint appears to link her unspecified defamation and the denial of a forum to respond to "discrimination [against Plaintiff] based on *race* and *background*." Complaint, para. 62. [Emphasis added.]  Even assuming that Plaintiff sought to plead a claim under the equal protection clause, her Complaint must still be dismissed pursuant to the United States Supreme Court's holding in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

This is so because Plaintiff fails to identify a policy which is facially discriminatory or any facts that make discrimination anything more than a possibility.  Where, as here, the government's action or policy is facially neutral, a plaintiff "must plead and prove that the defendant acted with discriminatory purpose." *Iqbal,* 556 U.S. at 672. This can be done through such "circumstantial or direct evidence of intent as may be available." *Village of Arlington*

*Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 266 (1977). Plaintiff's vague reference to "background" is not adequate to identify any constitutionally suspect classification. Moreover, Plaintiff fails to allege facts to establish that any defamation was due to her race, her other alleged basis. While potentially "consistent with" the District's liability, plaintiff's bare allegation of a racial motivation " 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Iqbal, Id.* (quoting *Twombly,* 550 U.S. at 557). Thus, this Court cannot reasonably infer, based on the allegations in Plaintiff's Complaint, that Defendant's alleged defamation of Plaintiff was "motivated by discriminatory intent or purpose." *Cf. Atherton v. Dist. of Columbia Office of the Mayor,* 567 F.3d 672, 688 (D.C. Cir. 2009) (dismissing an equal protection claim where plaintiff's "spare facts and allegations" did " 'not permit the court to infer more than the mere possibility of misconduct.' " (quoting *Iqbal* ); *McManus v. Brooks,* No. 00-7030, 2000 WL 1093069, at *1 (D.C. Cir. June 29, 2000) (affirming dismissal for failure to state a claim under the Equal Protection Clause where plaintiff failed to allege facts indicating that "actions were undertaken on a discriminatory basis or were motivated by discriminatory intent or purpose"); *Ekwem v. Fenty*, 666 F.Supp.2d 71, 79 (D.D.C. 2009)(Dismissing plaintiff's equal protection claim for failure to plead factual basis.) Accordingly, Count I of Plaintiff's Complaint brought under Section 1983 should be dismissed because it does not meet the pleading standards established by the Supreme Court in *Iqbal.*

In her Complaint, Plaintiff also alleges she was denied her right to "city council hearing or straight forward interview" where she could respond to the real or imaged defamation. However, the District could not give her a city council hearing because that would be within the province of the District of Columbia Council, and not the Mayor. Plaintiff's reference to a

"straight forward interview" appears to refer to the co-defendant journalists for the Washington Post and the Washington Times and not to the District.

Likewise, in her Opposition, Plaintiff claims that D.C. Councilman David Catania defamed her in on August 18, 2011.  Opp. at 2.  However, Mr. Catania is not considered an employee of the District, and therefore the allegations against him have no bearing on the District of Columbia's Motion to Dismiss Plaintiff's Complaint.  *See Evans v. District of Columbia*, 391 F. Supp. 2d 160, 169 n.3 (D.D.C. 2005) (stating this Court is "inclined to agree" that D.C. Council members are not employees of the District). Accordingly, any actions allegedly taken by Mr. Catania cannot be used as a basis to hold the District liable.

In her Opposition, Plaintiff further argues that she was defamed by her former supervisor, Gunther Freehill.  Opp. at 5.  Specifically, she claims that Mr. Freehill addressed her as "hey hoe."  *Id.*  This allegation was not included in Plaintiff's Complaint, and there is no allegation that it was published or that it caused Plaintiff any injury.  Indeed, it does not appear slanderous on its face, and there is no context pleaded that would make such a statement slanderous.

Based on the foregoing, Plaintiff's Opposition fails to rebut the District's showing that her Complaint does not state a claim upon which relief can be granted under Section 1983, and therefore, the Complaint should be dismissed as to the District.

### E. **Plaintiff's Motion for leave to amend her Complaint should be denied as plaintiff's amended complaint is fatally flawed**.

At the same time that Plaintiff filed her Opposition to the District's Motion to Dismiss, she also filed a motion for leave amend her complaint, along with a proposed Amended Complaint. Docket entry 21. According to Plaintiff's motion for leave to file "[p]laintiff wishes to [amend] her complaint against one of the Defendant's David Catania to be named in his

personal capacity, as in his official capacity he is not considered a District Government employee." *Id.* at 1. Thus, it is clear that Plaintiff's Amended Complaint does not address the fatal flaws identified in the District's Motion to Dismiss. Therefore, to permit the requested amendment would be futile.

In addition, in her Opposition, Plaintiff attributes the short comings in her Complaint to her contention that "the attorney she had retained let her down." Opp. at 11. Plaintiff attaches to her Opposition papers from her Bar Counsel complaint against her former lawyer. While the Plaintiff may have a cause of action against her former lawyer, this too is irrelevant to the District's Motion to Dismiss.

F. **Plaintiff fails to rebut the District's argument that the Court should dismiss her state law claims if her federal cause of action is dismissed.**

In its Motion to Dismiss, the District argued that Plaintiff's common law claims should be dismissed if the Court dismisses the federal claims. Plaintiff's Opposition takes note of this argument, but fails to rebut it. Accordingly, should Plaintiff's section 1983 claims be dismissed, the District urges the Court to decline jurisdiction for the related state claims at this very early stage in this case. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, and for those set forth in the District's Motion to Dismiss, the Court should grant the District's Motion to Dismiss the Complaint and dismiss Plaintiff's Complaint with prejudice. For the reasons set forth herein and in its Motion, the Court also should deny Plaintiff's Motion for Leave to Amend her Complaint.

Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


*/s/ STEVEN J. ANDERSON*
STEVEN J. ANDERSON (Bar No. 334480)
Assistant Attorney General
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607
(202) 741-5923 (fax)
E-mail:  steve.anderson@dc.gov


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing reply to plaintiff's opposition to the District's motion to dismiss together with supporting documents, was mailed, postage prepaid, this 1st  day of May, 2012, to *pro se* plaintiff Debra G. Rowe at the following address: 5907 Federal Court, Upper Marlboro, MD 20772.

_____
Steven J. Anderson, A.A.G